The Honorable Bob McGinnis State Representative Route 3, Box 197 Marianna, AR 72360
Dear Representative McGinnis:
This is in response to your request for an opinion regarding the creation of a fire protection district. Several questions have been posed in this regard, and they have been restated and answered in the order presented.
1.) Could the fire protection district cross county lines, for taxes as well as protection?
A review of the various Code provisions governing formation of fire protection districts (see A.C.A. 14-282-101, et seq.14-284-201, et seq.) compels the conclusion that the legislature did not intend for the districts created thereunder to extend beyond the county. Reference is made throughout these provisions to the county of the district. The county court has the duty under A.C.A. 14-284-103(a) to "lay off into an improvement district" the territory described in the petition "of majority in value of the owners of real property. . . ." The phrase "majority in value" is defined as "a majority in assessed value as shown by the latest county assessment records for general taxes." A.C.A.14-282-101. Similarly, under A.C.A. 14-282-108(a), the county court is responsible for entering an order establishing the district if a majority of electors in the proposed district vote for its creation and the levy of assessments, or if an ordinance of the quorum court (see 14-284-203) is sustained. A.C.A.14-284-203 and 14-284-205(a) are perhaps clearer in referencing "all or any defined portion of any county."
It is also significant to note that the county court appoints commissioners who will serve as the governing body of the district. See A.C.A. 14-284-104; 14-284-208. And it is clear that responsibility for extending the benefit assessment upon the tax books and for collecting the assessment resides in the county clerk and county collector respectively. See A.C.A. 14-284-112;14-284-215.
It may be concluded from the foregoing that no provision is made for crossing county lines in forming fire protection districts under these legislative enactments. This may be contrasted, moreover, with A.C.A. 14-92-205(e) which specifically provides for proceedings in the circuit court "(i)f land in more than one (1) county is embraced in the proposed district."
2.) What kind of governing body would it take for a fire protection district?
As previously noted, fire protection districts formed under14-284-101, et seq. and 14-284-201, et seq. are governed by a board of commissioners, the members of which are appointed by the county court. A.C.A. 14-284-104 — 111 and 14-284-208 — 212 address the creation of the board and its various duties and functions. These provisions are clear in requiring that funds of the districts are to be administered through a depository institution. See 14-284-106(a) regarding a "bank or trust company" and 14-284-215(b)(3) regarding a "bank or banks located within the district." The board must file a "certified itemized report with the county clerk reflecting all district transactions. A.C.A. 14-284-114; 14-284-217.
3.) Can the district be financed through a tax millage on real and personal property by popular vote in the district?
It is my opinion that the financing of the district must be in accordance with the particular legislative scheme under which the district is created. It should be noted, for instance, that provision is made under A.C.A. 14-284-208(a) for the qualified voters of the district proposed thereunder to vote on the establishment of the district and the levy of assessed benefits to support the district. However, it must be recognized that the assessment is based upon "the annual benefits which will accrue to the real property within the district from the providing of fire protection services." A.C.A. 14-284-212; see also A.C.A.14-284-108. Thus it is apparent that the assessment is not in the nature of a tax that is levied notwithstanding the benefits accruing to the property. Nor do we find authority for assessing personal as well as real property.
4.) Could the county judge create a subordinate improvement district?
Authority to establish subordinate service districts is found in A.C.A. 14-14-708 — 711. The purposes for which such districts may be created include "(e)mergency services, including . . . fire prevention and protection services." A.C.A. 14-14-708(c)(1). Procedures set forth under 14-14-709 indicate that the quorum court, following notice and public hearing, may establish a subordinate service district. Thus, it appears that this authority must be exercised by the quorum court, and not by the county judge alone.
5.) Does the liability of a volunteer fire protection district differ from that of a city volunteer fire department?
The assessments levied for the support of fire protection districts created under the provisions cited above are in the nature of special assessments levied under subtitle 17 of the Arkansas Code of 1987 Annotated governing public health and welfare improvement districts. While there are no Arkansas cases directly on point, it may be reasonable concluded that the tort immunity extended to "special improvement districts" under A.C.A.21-9-301 will apply to such fire protection districts.
There are, similarly, no case decisions addressing the status of city volunteer fire departments with respect to questions involving tort immunity. The particular legislative scheme under which the department is created may be critical in assessing its qualifications as a "political subdivision" for purposes of the grant of tort immunity under 21-9-301. It should be noted, however, that no tort action will lie against the city because of the acts of its agents and employees, in accordance with 21-9-301. It should also be noted that the "limited liability" language of Section 7 of Act 837 of 1987, codified as A.C.A. 20-22-808 (Supp. 1987), may be relied upon by a city fire department that qualified under that Act as a "certified fire department". See A.C.A.20-22-801, et seq. (Supp. 1987).
6.) Please outline the procedures step-by-step for setting up a fire protection district.
A.C.A. 14-284-201, et seq. set forth the procedures to be followed in creating a fire protection district. We suggest that private counsel, or counsel to whom the city ordinarily looks for advice, be consulted in this regard to assess the applicability of these procedures based upon the particular facts and circumstances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.